UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB 0 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Charlie Vayshone Green, )
)
      Plaintiff, )
)
v. ) Civil Action No. 06-0039
)
)
Federal Bureau of Prisons, )
)
      Defendant. )

MEMORANDUM

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application and will dismiss the case pursuant to 28 U.S.C. § 1915A(b)(2). Under that statute, the Court is required to screen a prisoner's complaint and dismiss it if, among other grounds, the complaint fails to state a claim upon which relief may be granted.

Plaintiff is a prisoner incarcerated at the United States Penitentiary in Jonesville, Virginia. In his original and amended complaints, plaintiff alleges that he is falsely imprisoned because a magistrate judge apparently in the Western District of North Carolina erroneously sentenced him. Plaintiff seeks monetary damages and his immediate release from custody.

Under the alleged circumstances, plaintiff cannot recover monetary damages without first establishing that his conviction has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *accord White v. Bowie*, 194 F.3d 175 (D.C. Cir. 1999) (table). Plaintiff has not made such a

showing here and therefore has failed to state a claim for damages. Any challenge plaintiff has to the imposition of his presumed federal sentence must be presented to the sentencing court by motion under 28 U.S.C. § 2255. Any challenge plaintiff has to the execution of his sentence must be pursued by petitioning for a writ of *habeas corpus* under 28 U.S.C. § 2241 in the judicial district having personal jurisdiction over plaintiff's warden. Neither challenge belongs in this Court. A separate Order of dismissal accompanies this Memorandum.

Date: 2/2/06

/s/ Ellen S. Huvelle
United States District Judge